UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. CEBALLOS, *et al.*,<br><br>　　　　Defendants. | Case No.: 1:20-cv-01821-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2) |

　　　　Plaintiff Raymond Alford Bradford is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　With application of the mailbox rule, Plaintiff filed the instant action on November 22, 2020, along with a motion to proceed *in forma pauperis*.[1]  (ECF Nos. 1, 2.)

**I.**

**DISCUSSION**

　　　　The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals."  Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011).  Pursuant to

---

[1] Under the mailbox rule, a prisoner's pleading is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Houston v. Lack, 487 U.S. 266, 276 (1988); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury.  28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007).  The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury.  The Court takes judicial notice of the following cases: (1) Bradford v. White, No. 2:98-cv-0180-FCD-JFM (E.D. Cal) (dismissed June 3, 1999 as barred by the statute of limitations)[2]; (2) Bradford v. Terhune, No. 1:04-cv-5496-AWI-DLB (E.D. Cal.) (dismissed October 21, 2004 for failure to prosecute after plaintiff failed to file an amended complaint after dismissal for failure to state a claim)[3]; (3) Bradford v. Grannis, No. 2:05-cv-0862-FCD-DAD (E.D. Cal.) (dismissed September 30, 2005 as factually and legally frivolous and for failure to state a claim); and (4) Bradford v. Terhune, No. 1:04-cv-5261-LJO SMS (E.D. Cal.) (dismissed May 9, 2008 for failure to state a claim).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on September 15, 2020.  Andrews, 493 F.3d

---

[2] Allegations that are barred by the statute of limitations are subject to dismissal for failure to state a claim.  See Jones v. Beck, 549 U.S. 199 (2007).  Accordingly, this dismissal qualifies as a strike under 28 U.S.C. § 1915(g).

[3] The dismissal of this case, although styled as one for failure to prosecute, also qualifies as a strike.  See O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008); see also Lamon v. Junious, No. 1:09-cv-00484-AWI-SAB, 2014 WL 198327, at *4 (E.D. Cal. Jan. 27, 2014) (dismissal of appeal for failure to prosecute counted as "strike" where underlying ground for dismissal was that appeal was frivolous); Thomas v. Beutler, No. 2:10-cv-01300 MCE CDK P, 2012 WL 5464631, at *2 (E.D. Cal. Nov. 7, 2012) (same).

at 1053-1056.  Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions.  Id. at 1053.  While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055. "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under section 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and utterly conclusory assertions" of imminent danger are insufficient.  White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998); see also Martin, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)....").  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat...is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

In addition, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of section 1915(g).  In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury.  The three-strikes litigant must meet both requirements in order to proceed [in forma pauperis]." Stine v. Fed. Bureau of Prisons, No. 1:13–CV–1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298–99 (2d Cir. 2009)).  In making the imminent danger determination the Court must liberally construe Plaintiff's allegations. Andrews, 493 F.3d at 1055.

Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing.  Plaintiff alleges that his constitutional rights were violated when Defendants "collectively illegally denied plaintiff all meaningful access to the courts" because they refused to process his appeal as an emergency or return it.  (Compl. at 2-3.)  Plaintiff contends he "is the victim of an active and ongoing conspiracy to commit murder and obstruct justice all because he file

a non-frivolous suit the guards have repeatedly attacked him, causing serious injuries, have stolen his legal and personal belongings and have put a hit out on him." (Compl. at 5.)

Plaintiff's generalized fear of potential harm to be suffered in the future is insufficient to satisfy section 1915(g)'s "imminence" requirement. Andrews, 493 F.3d at 1055. Plaintiff has also failed to allege a threat of imminent serious physical injury beyond that which is merely speculative or hypothetical. See Blackman, 2016 WL 5815905, at *1; see also Martin, 319 F.3d at 1050; White, 157 F.3d at 1231–32. Thus, Plaintiff's general assertion that the alleged improper processing of his appeal caused him harm fails to demonstrate that plaintiff was "under imminent danger of serious physical injury" when he filed the instant complaint. 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1053, 1056.; Prophet v. Clark, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(g) exception for cases of "imminent danger of serious physical injury"). Plaintiff has not alleged facts showing that he faced a real, present threat of serious physical injury at the time he filed his Complaint on November 22, 2020. Plaintiff's contention that guards have repeatedly assaulted him causing injury, without more, does not show imminent danger under § 1915(g). Accordingly, Plaintiff's broad allegations of danger are insufficient to survive the dismissal of this action.

Further, even if the allegations concerning alleged harm constituted such an imminent threat, they are not related to the claims in his case. See Stine, 2015 WL 5255377, at *1; see also Pettus, 554 F.3d at 198–99. Here, Plaintiff contends he has suffered "irreparable harm" by "being placed in (SHU) Security Housing Unit, denial of good time credits, lost and destroyed legal property and personal belongings (i.e., family photos of deceased family members, 360 handwritten lyrics/songs and novelette to name a few items) and denial of medical care. Plaintiff was repeatedly attacked based upon the false report by the guards." (Compl. at 4.) The allegations regarding alleged harm do not have a nexus to his claims: Plaintiff does not allege, for example, that Defendants' failure to process his appeal relating to a disciplinary action as an emergency put him in imminent danger. Put another way, Plaintiff has not shown that he is in imminent danger that would be redressed by this lawsuit.

Accordingly, the imminent danger exception to § 1915(g)'s three-strikes provision cannot and does not apply here. Thus, Plaintiff's motion to proceed in forma pauperis should be denied, and Plaintiff should be ordered to pay the $400.00 filing fee.[4]

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2.) be denied; and
2. Plaintiff be required to pay the $400.00 filing fee within thirty (30) days of service of the Court's order adopting these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 6, 2021**

UNITED STATES MAGISTRATE JUDGE

---

[4] As of December 1, 2020, the civil case filing fee has been raised from $400 to $402; however, with application of the mailbox rule Plaintiff filed prior to this change, and he is, therefore, permitted to file at the rate he would have otherwise been required to pay at the time of filing. See Fee Schedule, http://www.caed.uscourts.gov/caednew/index.cfm/attorney-info/fee- schedule/?keywords=filing.