1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAYMOND ALFORD BRADFORD,                No.  1:20-cv-01821-DAD-SAB

12              Plaintiff,

13         v.                                 ORDER DENYING MOTION FOR
                                              RECONSIDERATION
14    J. CEBALLOS, et al.,
                                              (Doc. No. 7)
15              Defendant.

16

17         Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* in this civil rights

18    action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge

19    pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20         On January 6, 2021, the assigned magistrate judge issued findings and recommendations,

21    recommending that plaintiff's application to proceed *in forma pauperis* be denied and that he be

22    required to pay the $400 filing fee in full to proceed with this action because:  (1) he is subject to

23    the three strikes bar under 28 U.S.C. § 1915(g); and (2) the allegations of plaintiff's complaint do

24    not satisfy the "imminent danger of serious physical injury" exception to § 1915(g).  (Doc. No. 4

25    at 2–4.)  On February 1, 2021, the undersigned adopted those findings and recommendations in

26    full and directed plaintiff to pay the required filing fee in order to proceed with this action.  (Doc.

27    No. 6.)  On February 10, 2021, plaintiff filed a motion for reconsideration of the undersigned's

28    /////

                                              1

1    February 1, 2020 order adopting the magistrate judge's findings and recommendations.  (Doc.

2    No. 7.)

3         Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

4    district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment

5    on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

6    evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has

7    been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."

8    Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any

9    event "not more than one year after the judgment, order, or proceeding was entered or taken."  *Id.*

10        Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the

11   interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of*

12   *Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d

13   737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking

14   reconsideration under Rule 60, the moving party "must demonstrate both injury and

15   circumstances beyond his control."  *Harvest*, 531 F.3d at 749 (internal quotation marks and

16   citation omitted).

17        "A motion for reconsideration should not be granted, absent highly unusual

18   circumstances, unless the district court is presented with newly discovered evidence, committed

19   clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to

20   raise arguments or present evidence for the first time when they could reasonably have been

21   raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

22   F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in

23   original).  Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or

24   different facts or circumstances are claimed to exist which did not exist or were not shown"

25   previously, "what other grounds exist for the motion," and "why the facts or circumstances were

26   not shown" at the time the substance of the order which is objected to was considered.

27        In his motion for reconsideration, plaintiff argues that he should be granted *in forma*

28   *pauperis* status because he is "under imminent danger daily." (Doc. No. 7 at 4.)  The gravamen

2

of plaintiff's argument appears to be that he is in danger because the prison officials at Salinas

Valley State Prison ("SVSP") are allegedly conspiring to harm him and organize attacks on him

regularly.  (*Id*.)  In its original order denying plaintiff *in forma pauperis* status, the court held that

plaintiff's alleged imminent danger did not relate to the causes of action alleged in his complaint

filed in initiating this case.  (Doc. No. 6 at 2.)  In his causes of action plaintiff alleges that

defendants interfered with his "right to obtain judicial review of the legality of his incarceration"

and that defendant Munoz "denied plaintiff's witnesses and written statement" in violation of his

due process rights.  (Doc. No. 1.)  Plaintiff has presented no new evidence in his pending motion

that would alter the court's prior conclusion that the imminent danger he now claims has no

connection to the causes of action presented by his complaint filed to initiate this case.  Moreover,

plaintiff has now been moved to a new health care facility according to his recently filed notice of

change of address.  (*See* Doc. No. 9.)  Thus, any alleged danger to plaintiff at SVSP appears to no

longer impact plaintiff.

Accordingly,

1.    Plaintiff's motion for reconsideration (Doc. No. 7.) is denied;

2.    Within twenty-one (21) days following service of this order, plaintiff shall pay the
required $400.00 filing fee in full to proceed with this action;

3.    Plaintiff's failure to pay the filing fee within the specified time will result in the
dismissal of this action; and

4.    This matter is referred back to the assigned magistrate judge for proceedings
consistent with this order.

IT IS SO ORDERED.

Dated:   **April 26, 2021**                    _____
                                             UNITED STATES DISTRICT JUDGE